BABCOCK, (GALE v.)  See Case No. 5,188.

---

## Case No. 699.

BABCOCK et al. v. MILLARD et al.

[4 West. Law Month. 314.]

Circuit Court, N. D. Ohio. 1862.

EQUITY—CREDITOR'S BILL—PARTIES—CITIZENSHIP —NEGOTIABLE INSTRUMENTS.

1. A creditor's bill filed in a court having both legal and equitable jurisdiction, to obtain satisfaction of a judgment at law, rendered in the same court, is not [according to the uniform rule of the seventh circuit] an original action, though it may embrace defendants who were not parties to the judgment.

2. Whatever may be the true rule limiting the jurisdiction of the circuit courts of the United States, in original actions, in respect to the residence and citizenship of parties, it does not apply to a creditor's bill in chancery in the circuit court, filed to obtain satisfaction of a judgment of that court.

3. Thus: When B. & Co., citizens and residents of New-York, had obtained a judgment in the circuit court of the United States, for the northern district of Ohio, against C. V. M. and I. N. H.. and afterwards filed a creditor's bill in chancery in the same court against C. V. M. and I. N. H.. the judgment debtors, and J. W. M., and A. H. H., all of whom were citizens and residents of Ohio, and S. R. H., who though duly served with process, was a citizen and resident of Michigan, and who pleaded such citizenship and residence, to the jurisdiction of the court.—It was *held*, that the plea could not be sustained, however it might be in the case of an original suit, where thus united with other defendants, citizens of Ohio.

4. That the notes assigned are negotiable, is no ground of demurrer to a creditor's bill, which

seeks to subject to the payment of a judgment,. the judgment debtor's interest in certain promissory notes not due at the filing of the bill, which the judgment debtor had assigned as security to another party who is made a defendant. The court may so control the custody of the notes and provide for demand and notice when due, as shall prevent their being negotiated. and protect the rights of all parties thereto.

[In equity. Creditor's bill by Babcock & Co. against Charles V. Millard, Isaac N. Hathaway, John W. May, Alonzo Hathaway, and Sylvester R. Hathaway, based. upon a judgment in this court, against said' Millard and Isaac Hathaway. Heard on plea. to the jurisdiction and demurrers. Overruled.]

M. R. Waite, for complainants.
Kent & Newton, for defendants.

WILLSON, District Judge. This is the case of a creditor's bill, filed by complainants, who are citizens of the state of New-York, against the defendants, four of whom are citizens of the state of Ohio, and the other a citizen and resident of the state of Michigan. The judgment at law, on which the suit is predicated, was obtained in this court, against Charles V. Millard and Isaac N. Hathaway, at the July term, 1861, for $1,-121.83 damages and costs of suit. Execution was issued, and returned by the marshal wholly unsatisfied, the said Millard & Hathaway having no property subject to levy. It appears that in June, 1861, the mercantile firm of Millard & Hathaway was dissolved, Millard retiring from the concern, and Hathaway purchasing his interest in, and assuming the debts of the firm. Isaac N. Hathaway, on the 20th day of July, 1861, sold and delivered the stock of goods (which had belonged to the late firm) to the defendants, John W. May and Alonzo Hathaway, for the sum of $7,511.21 for which they gave four promissory notes of $1,877.80 each, payable to the order of Isaac N. Hathaway, at six, twelve, eighteen and twenty-four months. Isaac N. Hathaway transferred these notes to Sylvester R. Hathaway, as security and indemnity against his liability as indorser of certain bills of exchange. At the time of the commencement of this suit, it is conceded, that the liability of Sylvester R. Hathaway, as indorser of those bills, amounted to about $2,000. The complainants, by their proceeding in chancery, seek to subject to the payment of their judgments, the proceeds of the four notes, after Sylvester H. Hathaway is paid or otherwise indemnified against his liability as indorser of said bills of exchange.

The defendant, Sylvester R. Hathaway, (who was duly served with process in this district) has interposed a plea to the jurisdiction of the court, on the ground that he is a citizen of Michigan.

John W. May and Alonzo Hathaway have answered the interrogatories propounded to them in the bill, and have also filed a

demurrer, on the ground that the four notes in question, given by them, are negotiable.

Isaac N. Hathaway has filed a general demurrer to the bill.

The first question in the case, is, should the plea of Sylvester R. Hathaway, to the jurisdiction of the court, be sustained? In the argument, great ability and research were displayed by the learned counsel on both sides, as to the extent of jurisdiction of the federal courts over citizens of different states, in original suits. The eleventh section of the judiciary act of [September 24,] 1789, [1 Stat. 78, c. 20,] provides that, "the circuit courts shall have original cognizance, concurrent with the courts of several states, * * * when the matter in dispute exceeds, exclusive of costs, the sum or value of five hundred dollars, * * * and the suit is between a citizen of the state where the suit is brought and a citizen of another state; and no civil suit shall be brought * * * against an inhabitant of the United States, * * * in any· other district than that whereof he is an inhabitant, or in which he shall be found at the time of serving the writ." By the act of congress of the 28th of February, 1839, (5 Stat. 321, [c. 36,]) it is provided that, "where in any suit * * * commenced in any court of the United States, there shall be several defendants, any one or more of whom shall not be inhabitants of or found within the district where the suit is brought, or shall not voluntarily appear therein, it shall be lawful for the court to entertain jurisdiction * * * between the parties before it, but the judgment or decree * * * shall not conclude or prejudice those not regularly served with process or not voluntarily appearing." On the authority of Strawbridge v. Curtiss, 3 Cranch, [7 U. S.] 267, and Corporation of New Orleans v. Winter, 1 Wheat. [14 U. S.] 91, it is contended, that the words in the act of 1789, to wit, "between a citizen of a state where a suit is brought and a citizen of another state", mean that each distinct interest should be represented by persons, all of whom are entitled to sue or may be sued in the federal courts; or in other words, that the law requires each plaintiff to be competent to sue each defendant over whom the court is asked to entertain jurisdiction. And further, that the act of 1839 relates solely to the nonjoinder of persons out of the reach of process, and does not extend the jurisdiction of the court over parties not previously within its cognizance.

On the other hand, it is contended, that the provision of the 2d section of the 3d article of the constitution, which declares that the judicial power of the United States shall extend to all cases arising between citizens of different states, authorises the exercise of jurisdiction in all cases where any of the parties defendant are citizens of one or more states, different from that of the plaintiff; and that the act of 1839 [supra] was passed exclusively with the intent to rid the courts of the decision in the case. of Strawbridge v. Curtiss, [3 Cranch, (7 U. S.)· 267,] and others resting upon that authority.

Whatever should be the ultimate and settled doctrine of the supreme court, as to the extent of the jurisdiction of the circuit courts over parties defendant, in original suits it is not now necessary to determine; nor is the case before us one, which requires the declaration of any rule of law on the subject of proper parties defendant in original suits. This is not an original suit. It is simply a proceeding in aid of execution upon a judgment at law. It has been uniformly held in the 7th federal judicial circuit, that a creditor's bill is a continuation of the suit at law, as it merely seeks to obtain the fruits of a judgment, or to remove obstacles to a purely legal remedy. In Hatch v. Dorr, [Case No. 6,206,] this doctrine is expressly declared. There it was held by Mr. Justice McLean, that even an injunction bill is not an original bill, as it sets up matter in equity against the plaintiff's of which he could not avail himself at law. In that case, as in the proceeding by creditor's bill. equitable considerations are to be inquired into; in the latter case to carry the judgment into effect. and in the other to prevent the plaintiff, in the suit at law, from availing himself unjustly of a legal advantage. In the case of Freeman v. Howe, 24 How. [65 U. S.] 460, it is said "the principle is, that a bill filed on the equity side of the court, to restrain or regulate judgments at law in the same court, is not an original suit, but ancillary and dependent; supplemental merely to the original suit out of which it has arisen, and is maintained without reference to the citizenship or residence of the parties." So in Dunlap v. Stetson, [Case No. 4,164,] the court say, "considerations of this sort have satisfied the minds of some of the most enlightened judges, that the act of congress (of 1789) was never intended to apply to bills for relief upon judgments rendered in the circuit court. They are deemed to be, not original suits, but branches growing out of the original suits, and dependent upon them." The proceeding in chancery, by creditor's bill, in this court, is analogous to the practice prescribed by the Ohio Code of Civil Procedure, par. 458 et seq., which makes the creditor's bill an action in aid of execution. It cannot be properly said, therefore, that the process which· has been issued in this case and served upon Sylvester R. Hathaway, is an original process, or that he is exempt. on account of his residence in, or citizenship of, the state of Michigan. from the jurisdiction of this court, and the consequent liability to answer and obey its orders and decrees.

It remains to determine, whether. the demurrer to the bill, filed by the other defendants, is well taken, on the ground that the

notes in question are negotiable, and were not due when this suit was commenced. We are not disposed to question the soundness of the doctrine maintained by the supreme court of Ohio, in Stone v. Elliott, 11 Ohio St. 252, where it is declared that, "it would be almost destructive to one of the essential characteristics of negotiable paper to hold, that an attachment (or other judicial proceeding) prevents a subsequent bona fide indorsee, for value, from acquiring a good title." Nor can we deny the force of the argument, in support of the doctrine used by the supreme court of Pennsylvania, in Kieffer v. Ehler, 6 Harris, [18 Pa. St.] 388. Furthermore, we fully agree with both the supreme courts of Ohio and Pennsylvania, as declared in those cases, that the negotiation of such paper by a defendant after he has had notice of the attachment, or other judicial proceeding, is a fraud upon the law: and we think the court from which the attachment (or chancery process) issues, has power to prevent this by requiring the negotiable paper to be placed in such custody as will prevent it from being misapplied, taking care that it shall be demanded at maturity, and notice be given to indorsers, if necessary; and that the money, if paid, shall stand in place of the note or bill to abide the event. The very purpose of the writ of injunction which issued in this case to Sylvester R. Hathaway, was to prevent him from negotiating or otherwise disposing of the notes held by him in trust. He being a party to the suit and properly in court, is subject to any order the court may make in the premises; nor can he violate or disregard the injunction without incurring the penalties of the law. In all this, the court has the power, and it is certainly its duty, to protect the rights of the makers of the notes, and provide for their discharge from liability, when the notes are paid.

The plea of Sylvester R. Hathaway to the jurisdiction of the court, and the demurrers interposed by the other defendants are overruled.